## SUPREME COURT

#### OF THE

## STATE OF LOUISIANA.

EASTERN DISTRICT, APRIL TERM, 1828.

Privileges on property seized do not form a good ground for suspending the sale.

*HEBERT'S HEIRS* vs. *BABIN* & *AL.*

APPEAL from the court of the second district.

PORTER, J. delivered the opinion of the court. The defendant obtained judgment against one Joseph Dugat, and proceeded to obtain satisfaction of it, by issuing an execution against his property. The plaintiffs applied for and obtained an injunction, on the ground that they had a higher privilege on the property than that of the defendants. The district court, after hearing the parties, was of opinion the plaintiffs had no right to prevent the sale, even admitting the facts set up by them to be

OF THE STATE OF LOUISIANA.     **615**

true; that their remedy was on the proceeds.— Eastern Dist.
It therefore dissolved the injunction. The *April,* 1828.

HEBERT'S
HEIRS
*vs.*
BABIN & AL.

plaintiffs appealed.

We think the court below did not err. The plaintiffs have no right to the property. The judgment recovered by them against their stepfather for the price of the objects bought by him at the sale of their father's estate, is a ratification of the sale, and covers any irregularities the proceedings may present. They cannot, therefore, claim as owners. Their right is one of privilege; and as the law requires that property put up at auction by a sheriff, shall be sold, subject to *all* the privileges and hypothecations with which it is burthened, their position cannot, in any respect, be altered by the sale, and, consequently, they have no authority to prevent it. This property may sell for more than will satisfy the plaintiff's demand, and the defendants have, consequently, a right, even admitting their adversary's privilege is of a superior nature, to cause the thing subject to it to be sold, in order that they may get the overplus. *Code of Prac.* 679, 683.

The judgment of the district court is therefore affirmed, with costs.